

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-17-2006

# In Re: Almahdi

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5045

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"In Re: Almahdi " (2006). *2006 Decisions.* Paper 1414.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1414

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-5045
_____

IN RE: JAMALUDDIN ALMAHDI,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. No. 05-cv-01613)
_____

Submitted Under Rule 21, Fed. R. App. Pro.
December 16, 2005

Before: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.

(Filed: March 17, 2006)
_____

PER CURIAM.

       Pro se petitioner Jamalud-Din Almahdi, a federal prisoner, seeks a writ of

mandamus to compel the United States District Court for the District of New Jersey to

reach a decision on his Motion to Alter or Amend Judgment filed on May 9, 2005.  We

will deny the petition as moot.

       In April 2005, Almahdi filed a civil rights complaint pursuant to Bivens v.

Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  The

District Court dismissed the complaint because the defendants were immune from

liability under 42 U.S.C. § 1983. On May 9, 2005, Almahdi filed a Motion to Alter or Amend Judgment. In September 2005, Almahdi filed a motion to compel the District Court to answer his previous motion.

The remedy of mandamus is reserved for the most extraordinary of circumstances. DeMasi v. Weiss, 669 F.2d 114, 117 (3d Cir. 1982). In order to ensure that mandamus is sparingly granted, a petitioner seeking a writ of mandamus must demonstrate that no other adequate means are available to obtain the desired relief and that the right to issuance of the writ is "clear and indisputable." Allied Chem. Corp. v. Daifon, Inc., 449 U.S. 33, 35 (1980).

Here, on January 30, 2006, the District Court denied Almahdi's Motion to Alter or Amend Judgment. The District Court further denied Almahdi's motion for an order to compel. In light of the District Court's orders, Almahdi's petition for a writ of mandamus will be denied as moot.